IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                              4:21-CR-00147-01-LPR

AUGUSTUS SHENKER                                            DEFENDANT

SUPPLEMENTARY SENTENCING MEMORANDUM

Shenker hereby supplements his Sentencing Memorandum as follows:

AMENABILITY TO TREATMENT

In its memorandum, the Government essentially asserts that Shenker is not amenable to treatment. Shenker points out that this position is not supported by the examining psychologist in her report from the court-ordered examination, who said in the Prognosis section of her report:

> Mr. Shenker was quite forthcoming about his distress relating to his deviant sexual thoughts. This is a good predictor of treatment effectiveness, which he indicated interest in and motivation for.

CORRECTION TO PRESENTENCE REPORT 3RD VERSION, PARAGRAPH 37

The current iteration of paragraph 37 of the PSR, in discussing one of the Miss Selma's counts, asserts that after filming Shenker "distributed such images in

1

violation of state and federal laws." Shenker denies any distribution of those images and the government agrees there is no evidence of such distribution.

DISCUSSION OF FINANCIAL PENALTIES

As it clear from the presentence report, Shenker has no assets and fits the definition of indigency.[1]  He cannot pay a fine under any plausible circumstances. Of course, the $100 penalty per count is mandatory.  The Court should handle the various other statutory sex offender penalties as follows:

- ❏ The 18 USC § 3004 "Justice for Victims of Trafficking Act" penalty of $5000 per count is restricted to "non-indigent" persons.  Therefore, Shenker should not be assessed a penalty under this act.

- ❏ The 18 USC § 2259A "Amy Vicky and Andy Child Pornography Victim Assistance Act" provides several ranges of penalties, but makes them subject to the § 3553(a) and § 3572 factors.  The latter includes "the defendant's income, earning capacity and financial resources." Shenker's obvious lack of assets and the inevitability of a sentence of at least 15 years should be dispositive that there be no penalty under this act.

- ❏ The mandatory restitution provisions of 18 USC § 2259 with a floor of

---

[1] Undersigned counsel was retained by Shenker's parents.

$3,000 are not applicable because the provisions of the act apply to trafficking. The offenses of conviction here are for production, not trafficking.² They are for §§ 2251(a) and (e), not (d)— the trafficking portion of § 2251. The Court does have the power to order restitution in some amount for production under the statute, since it refers to "any offense under this chapter. However, the victims referred to in the report vis-a-vis restitution appear to be persons depicted in the internet child pornography, not the victims for whom Shenker pleaded guilty to production.

WHEREFORE, Shenker prays that the Court grant the downward departure or variance and that the assessment of any financial penalty take into account his indigency as discussed here.

---

² 18 USC § 2259(c)(3) defines trafficking as:
(3) Trafficking in child pornography.--For purposes of this section and section 2259A, the term "trafficking in child pornography" means conduct proscribed by section 2251(d), 2252, 2252A(a)(1) through (5), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of section 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b).

3

AUGUSTUS SHENKER

J<small>EFF</small> R<small>OSENZWEIG</small>
Ark. Bar No. 77115
300 Spring St., Suite 310
Little Rock, AR 72201
(501) 372-5247
jrosenzweig@att.net